UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

QUANTAE DERRILL BAILEY,

      Petitioner,

v.                                            Case No. 2:15-CV-77
                                                        HON. GORDON J. QUIST

JEFFREY WOODS,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Petitioner filed this § 2254 petition for a writ of habeas corpus challenging the validity of his state court conviction for violations of his constitutional rights. On April 28, 2011, a jury convicted Petitioner of armed robbery (MICH. COMP. LAWS § 750.529) and felony firearm (MICH. COMP. LAWS § 750.227(B)) as a second habitual offender (MICH. COMP. LAWS § 769.10). PageID.1. Petitioner was sentenced to 23 to 40 years for the armed robbery conviction and 2 years for the felony firearm, to be served consecutively. PageID.1. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC).

      After his trial, Petitioner filed an application for leave to appeal to the Michigan Court of Appeals. PageID.2. The appellate court affirmed his conviction and denied his claims on September 13, 2012. PageID.2. Petitioner then appealed to the Michigan Supreme Court, who denied his appeal on January 25, 2013. PageID.2.

      Petitioner subsequently filed a motion for relief from judgment in the trial court, which was denied on April 23, 2014. PageID.3. Petitioner's appeal was denied by the Michigan Court of Appeals on November 7, 2014. PageID.4. Petitioner appealed to the Michigan Supreme

Court, but the court denied his motion on March 3, 2015. PageID.3. Petitioner did not appeal to the United States Supreme Court. Instead, he filed a habeas petition in this Court on June 9, 2015. ECF No. 1.

Petitioner maintains that his convictions were based on violations of his state and federal rights. Petitioner sets forth the following claims for relief in his habeas petition:

> I. Prosecutorial misconduct in closing argument denied Mr. Bailey his due process right to a fair trial.
>
> II. Defense trial counsel was constitutionally ineffective in violation of the Sixth Amendment by failing to object to the instances of prosecutorial misconducts [sic] in closing arguments.
>
> III. The trial court's [sic] abused it's [sic] discretion when it denied Defendant['s] motion for relief from judgment, motion for bond, and motion for [an] evidentiary hearing, and declined to adjudicate the issues presented on it's [sic] merits.
>
> IV. Defense trial counsel was constitutionally ineffective in violation of the Sixth Amendment by failing to investigate, interview, and present exculpatory alibi witnesses, also by failing to comply with the notice of alibi defense MCL 768.20 and by failing to impeach the prosecution['s] key witnesses with their criminal offenses.
>
> V. Defender appellate counsel was constitutionally ineffective in violation of the Sixth Amendment by failing to raise the above issues in Defendant's initial appeal of right which is sufficient for showing good cause.

PageID.6-7, 9-10, 12. Respondent filed an answer to Petitioner's habeas application on January 27, 2016. ECF No. 10. Petitioner filed a reply on March 7, 2016. ECF No. 14. The matter is now ready for a decision.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*,

535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This

Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

For Petitioner's first claim, he contends that the prosecutor engaged in misconduct during closing arguments, thereby denying Petitioner his right to a fair trial. PageID.6. Specifically, Petitioner asserts that the prosecutor made three improper statements during closing arguments: "(1) Inappropriate denigration of defense counsel; (2) Arguing about matters not supported by the evidence, and (3) testifying as an expert." PageID.6. Respondent asserts that Petitioner procedurally defaulted this claim, and in the alternative, that Petitioner's claim fails on the merits.

Petitioner raised this prosecutorial misconduct claim on direct appeal to the Michigan Court of Appeals. The Michigan Court of Appeals expressly relied on Michigan's contemporaneous objection rule in denying Petitioner's claim. It is clear that the contemporaneous objection rule with regard to statements made in closing arguments was well-established at the time of Petitioner's trial. *See, e.g.*, *People v. Stanaway*, 521 N.W.2d 557, 579 (1994) (citing cases). A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 385 (2002). Petitioner's failure to comply with the state's independent and adequate state procedural rule, *i.e.*, making a contemporaneous objection, caused him to default his claims in

state court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977); *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011); *Awkal v. Mitchell*, 613 F.3d 629, 648 (6th Cir. 2010); *Lancaster*, 324 F.3d at 437; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

However, where the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999). Consequently, the undersigned reviews Petitioner's prosecutorial misconduct claim solely on the merits.

Misconduct by a prosecutor can rise to the level of a due process violation. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989). For habeas relief to be granted for such a claim, the prosecutorial misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). When a petitioner makes a claim of prosecutorial misconduct, "the touchstone of due process analysis ... is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). The Court has emphasized a series of factors to be evaluated in determining whether prosecutorial misconduct so infected the trial as to amount to a violation of due process: (1) whether the comments were isolated or pervasive, (2) whether they were deliberately or accidentally placed before the jury, (3) the degree to which the remarks had a tendency to mislead and prejudice the defendant, (4) whether the prosecutor manipulated or misstated the evidence, (5) the strength of the overall proof establishing guilt, (6) whether the remarks were objected to by counsel and (7) whether a curative instruction was given by the court. *See Darden*, 477 U.S. at 182-83; *United*

*States v. Young*, 470 U.S. 1, 12-13 (1985); *Donnelly*, 416 U.S. at 646-47; *Berger v. United States*, 295 U.S. 78, 84-85 (1935). Notably, "[t]his court has been reluctant to grant habeas petitions based on improper prosecutorial statements at closing arguments." *Wilson v. Mitchell*, 250 F.3d 388, 398 (6th Cir. May 14, 2001).

Petitioner's first claim of prosecutorial misconduct arises from the following excerpt from the prosecutor's rebuttal during closing arguments:

> [Defense counsel] and I have tried several cases together and it seems like I hear the same stories that he tells to the juries over and over again. This case isn't about telling stories. It isn't about telling anecdotes. It isn't about trying to engage you. It isn't trying to, it's not about trying to empower you and your sense of duty as he tried to do several times. This is about the evidence in this case. What I found very interesting is how he wants you folks to just toss Mr. Lynch's testimony right out the window like it didn't even exist. And there's a very good reason why he wants you to do that because he wants to cloud your ability to properly evaluate the evidence in this case. That's all that is. That's a typical defense tactic right there. Take it out. Don't pay attention to Mr. Lynch because he didn't [sic] a pretty good job when he testified. Don't do that because we can't trust him.

PageID.677. Petitioner asserts that these comments were improper because the comments denigrate defense counsel. PageID.42-47.

Notably, however, the prosecutor's statements about the defense counsel were in response to the defense counsel's request to the jury to ignore the victim's testimony. *See* PageID.669-670. Such an "invited response" is appropriate if, after weighing the impact of the prosecutor's remarks against the initial remarks of defense counsel, the prosecutor did no more than "respond substantially in order to 'right the scale.'" *See Young*, 470 U.S. at 11-13 (noting courts have "refused to reverse convictions where prosecutors have responded reasonably in closing argument to defense counsel's attacks, thus rendering it unlikely that the jury was led

astray."); *see also United States v. Dalton*, 574 Fed. App'x 639, 645 (6th Cir. 2014) (noting that the court must weight the prosecutor's statements against defense counsel's statements to determine whether the prosecutor acted improperly). As a result, when taken in context, the prosecutor's statements on rebuttal were not reversibly flagrant. *See Young*, 470 U.S. at 11 ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context, only by so doing can it be determined whether the prosecutor's conduct affected the fairness of trial."). Consequently, the undersigned recommends that this claim be denied.

Petitioner's second instance of prosecutorial misconduct again stems from the prosecutor's rebuttal statements during closing arguments:

> What I found most interesting, and I noticed it yesterday, is that even during the course of this trial, this defendant is trying to change his appearance to you. He wore glasses the entire time, during this trial. Wore glasses. In no pictures are you going to find him with glasses. Nobody ever testified that he had glasses but he's trying to prove to and trying to show and chance [sic] his appearance for you.

PageID.678. Petitioner contends that this statement was improper because the issue of whether Petitioner wore glasses was not in evidence.

The prosecutor's reference to Petitioner's glasses was not improper because it had no affect on the strength of the overall proof establishing guilt in Petitioner's case, as there were three days of testimony and evidence presented against Petitioner during his trial—including testimony from two eye-witnesses. ECF No. 11-6, 11-7, 11-8; *see Darden*, 477 U.S. at 182-83. Moreover, as the Michigan Court of Appeals noted, "[w]hile there was no evidence at trial concerning whether defendant needed glasses, the fact that he wore no glasses in the pretrial

photographs supported an inference that he did not wear the glasses for everyday wear, which in turn allowed an inference that defendant wore glasses at trial in an attempt to alter his appearance." PageID.897. Because prosecutors may argue the evidence and any reasonable inferences arising from that evidence, the prosecutor in this instance did not act improperly. *See Cox v. Curtin*, 698 F. Supp. 2d 918, 945 (W.D. Mich. 2010) (quoting *Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008) ("Prosecutors can argue the record, highlight any inconsistences or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence.")). Therefore, the undersigned recommends that this claim be denied.

Petitioner's third and final instance of prosecutorial misconduct also arose from statements made during the prosecutor's rebuttal in closing arguments:

> What's unfortunate and certainly, this is true in anywhere in the nature, the drug culture. When folks get involved in drugs and they involve themselves in this activity, they do become easy targets and I think in this case, the evidence shows that Mr. Lynch became a target and he became a target because he was a drug addict. He wanted the drug more than anything at that point in time in his life. People like the defendant, criminals like the defendant who prey on these individuals hope for a couple of things. They hope, one, that it doesn't get reported at all because it's embarrassing and you don't want to let the police know that you're addicted to a substance, a controlled substance; two, that if it does get reported that they hope the person involved doesn't cooperate, avoids the police, avoids service, avoids subpoenas, doesn't come to court. Or, as I think you saw in this case, they became really easy targets for defense lawyers to attack their addiction. To attack and call it credibility because they had an addiction to a controlled substance.

PageID.681-682. Petitioner asserts that this statement was improper because the prosecutor was testifying as an "expert" with regard to the drug culture. A prosecutor's "comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the

charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury." *Young*, 470 U.S. at 18.

However, information pertaining to drug culture and drug seekers was introduced through the victim's testimony (as a former drug seeker). PageID.444-446, 470-471. Therefore, upon review of the entire record, it is clear that the prosecutor was not acting as an expert when he reiterated the information provided to the jury by way of the victim's testimony and made reasonable inferences therefrom. *See United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996) (quoting *Young*, 470 U.S. at 12) ("[T]he remarks [of the prosecutor] must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error."). As such, the undersigned recommends that this prosecutorial misconduct claim be denied.

Even if the undersigned were to find that the prosecutor's statements during closing arguments were improper, none of the prosecutor's comments were so incendiary as to inflame the jury's passion or distract them from determining Petitioner's guilt or innocence. *See Davis v. Burt*, 100 Fed. App'x 340, 348 (6th Cir. 2004). Consequently, in the opinion of the undersigned, this claim does not warrant habeas relief.

Petitioner next asserts that his trial counsel was ineffective because he did not object to any of the instances of prosecutorial misconduct during the prosecutor's closing argument. PageID.7. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that

counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

        Notably, the decision whether to object "in a particular instance is made in the strategic context of the entire trial, [and] any single failure to object does not constitute error unless the information introduced 'is so prejudicial to a client that failure to object essentially defaults the case to the state.'" *Hodge v. Haeberlin*, 579 F.3d 627, 649 (6th Cir. 2009) (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006)). In addition, "experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment," which is why counsel often use objections in a strategic manner. *Lundgren*, 440 F.3d at 774. Ultimately, an attorney "must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." *Id.* at 774-75.

The Michigan Court of Appeals reviewed this claim on Petitioner's direct appeal, and denied it for the following reasons:

> Defendant also argues that his trial counsel was ineffective for failing to object to the prosecutor's arguments discussed above. However, there was no prosecutorial misconduct and defense counsel was not ineffective for failing to make meritless objections to the prosecutor's arguments. *People v. Ackerman*, 257 Mich. App. 434, 455; 669 NW2d 818 (2003). Defendant has not shown that his attorney's representation fell below an objective standard of reasonableness. See *People v. Toma*, 462 Mich. 281, 302; 613 NW2d 694 (2000).

*People v. Bailey*, No. 305987, 2012 WL 4039713, at *2 (Mich. Ct. App. Sept. 13, 2012). The appellate court's decision is not contrary to, nor an unreasonable application of, Supreme Court precedent (i.e., *Strickland*). *See Williams*, 529 U.S. at 405

Because the undersigned concluded that no instances of prosecutorial misconduct occurred, Petitioner's counsel could not have performed deficiently by failing to object to the statements in question. However, even if the prosecutor's statements during rebuttal at closing arguments were improper, Petitioner's trial counsel still did not perform deficiently by choosing not to object. This is because deciding whether and when to object "might be considered sound trial strategy," which does not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 589 (citation omitted); *see, e.g., Butler v. Hosking*, 47 F.3d 1167, *9 (6th Cir. 1995) (noting counsel's failure to object could be considered trial strategy since he "may have wanted to avoid highlighting those comments [during closing arguments] to the jury and thus focusing the jurors' attention upon damaging subject matter."). Therefore, the undersigned recommends that this claim be denied, as Petitioner has failed to demonstrate that his counsel performed deficiently. *See Strickland*, 466 U.S. at 697 (noting when a petitioner fails to make a sufficient showing

regarding one of two *Strickland* prongs, the courts need not address the other prong).

In Petitioner's third claim, he contends that the trial court abused its discretion when it denied his motions for relief from judgment, bond, and an evidentiary hearing, and when it did not adjudicate his claims on the merits. PageID.10. Petitioner asserts that he established good cause and actual innocence, thereby requiring the trial court to consider his claims on the merits. PageID.10.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because it is not the province of a federal habeas court to re-examine state law determinations on state law questions, Petitioner's third claim should be dismissed. *Bradshaw*, 546 U.S. at 76; *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also Wilson*, 250 F.3d at 396 (citation omitted) ("[C]laims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus.").

For his fourth claim, Petitioner asserts that his trial counsel was ineffective when he: (1) failed to investigate, interview, and present exculpatory alibi witnesses at trial, (2) failed to comply with the notice of alibi defense pursuant to MCL 768.20, and (3) failed to impeach the prosecution's key witnesses with their criminal histories. PageID.10. Respondent contends that

this claim is procedurally defaulted. However, the undersigned elects to assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default, as deciding the issue on the merits is more efficient. *See Hudson*, 351 F.3d at 215-16; *Gustafson v. Burt*, No. 2:01-CV-73692, 2008 WL 4387344, at *6 (E.D. Mich. Sept. 24, 2008).

Petitioner's first claim of ineffective assistance of counsel stems from counsel's alleged failure to investigate, interview, and present exculpatory witnesses at Petitioner's trial. Petitioner indicates that his alibi witnesses would offer the following evidence:

> Everrett Glover, testifies that he witnessed the intire [sic] crime time place, that Antonio Gaskin, and D-rock had commited [sic] this crime for which [B]ailey [is] being incarcerated for.
>
> Steven [B]ailey and Daris Jefferson would have testified that they witnessed the Petitioner sleeping prior to, during, and after the crime [, and] also the clothing Petitioner were [sic] wearing and that they saw Antonio Gaskin and D-rock together after the crime.
>
> BreShontai Sanders would have testified to the description of clothing [B]ailey were [sic] wearing the night of this crime, that he had no weapon on his personal [sic] and that he fell asleep in the basement prior to the crime along with Talisa Hughes and Constance.

PageID.1413-1414. Petitioner asserts that his counsel failed to investigate these people and failed to present any of these witnesses.

Assuming, without deciding, that Petitioner's trial counsel performed deficiently by failing to interview or present these witnesses at trial, Petitioner must still demonstrate that there is a reasonable probability that this deficient performance affected the outcome of his trial to satisfy the prejudice prong of *Strickland*, 466 U.S. at 694-95. A reasonable probability is one that is "sufficient to undermine confidence in the outcome" of the trial. *Id.* at 694, 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by

errors than one with overwhelming record support.").

Here, there were two eye-witnesses that testified against Petitioner at trial—Mr. Lynch (the victim) and Ms. Wilkinson. PageID.442-484, 501-544. These witnesses were both able to identify Petitioner as the defendant and describe how the crime unraveled. Given the strong weight of this type of evidence, it is unlikely that the testimonies of people that were not present at the crime scene (Petitioner's alleged alibi witnesses) would overpower the weight of the testimonies of the eye-witnesses. Consequently, Petitioner has not demonstrated that there is a "reasonable probability" that the jury verdict would have been different had the testimonies of the alleged alibi witnesses been presented at trial. *See Strickland*, 466 U.S. at 694-696. As such, the undersigned recommends that this ineffective assistance of counsel claim be denied.

For Petitioner's next claim of ineffective assistance of trial counsel, he asserts that defense counsel failed to file a notice of alibi defense. The alibi defense stems from the testimonies of the aforementioned alibi witnesses that defense counsel did not present at trial. Because the undersigned concluded that the testimonies of these alibi witnesses would not have likely changed the outcome of Petitioner's trial, Petitioner was not prejudiced by the fact that his attorney failed to file a notice of alibi. Therefore, it is recommended that this claim also be denied.

Petitioner's final claim of ineffective assistance of trial counsel states that defense counsel failed to impeach the prosecutor's key witnesses (Mr. Lynch and Ms. Wilkinson) with their criminal histories. "[C]ourts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Gustafson*, 2008 WL 4387344, at *12 (quoting *Millender v. Adams*, 187 F. Supp. 2d 852, 870 (E.D. Mich. 2002)).

"Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.* (quoting *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002)). Here, Petitioner has not identified the crimes for which Ms. Wilkinson and Mr. Lynch have been convicted and whether these crimes would bear on the trustworthiness of their testimonies. Upon review of the trial transcripts (ECF No. 11-6, 11-7, 11-8), it is clear that defense counsel rigorously cross-examined these two witnesses. As a result, the undersigned will not second guess the defense counsel's decision not to impeach these two witnesses with their criminal histories. Consequently, Petitioner has failed to demonstrate that his counsel performed deficiently by failing to impeach two prosecutorial witnesses at trial. As such, the undersigned recommends that this claim be denied.

In Petitioner's fifth claim, he asserts that his appellate counsel was ineffective when he failed to raise the claims Petitioner presently raises before this Court on direct appeal. PageID.12. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than

another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Petitioner asserts that appellate counsel, on direct appeal, should have raised the five claims presently before this Court, either in addition to or lieu of the claims raised. Notably, the two claims that Petitioner's appellate counsel raised on appeal were also presented by Petitioner in this habeas petition (prosecutorial misconduct during closing arguments, and ineffective assistance of trial counsel for failing to object to the prosecutorial misconduct during closing arguments). PageID.896-898, 946; *cf.* ECF No. 1, 14. In addition, the following two claims that Petitioner raised in his habeas petition could not have been argued on direct appeal (as these situations did not arise until after the direct appeal): (1) that appellate counsel on direct appeal was ineffective for failing to raise the claims Petitioner has raised before the federal habeas court, and (2) that the trial court abused its discretion when it denied Petitioner's motion for relief from judgment, motion for bond, and motion for an evidentiary hearing. As a result, the only possible claim that Petitioner could assert that his appellate counsel should have raised on direct appeal is that his trial counsel was ineffective for failing to investigate and present alibi witnesses at trial, file a notice of alibi defense, and impeach the prosecution's key witnesses.

Petitioner's appellate counsel on direct appeal did not perform deficiently by failing to set forth the aforementioned ineffective assistance of counsel claim. Petitioner has not shown that this argument was clearly stronger than the two issues appellate counsel chose to raise on appeal. In fact, upon this Court's review of the ineffective assistance of counsel claim in question, the undersigned concluded that the issue lacked merit. "[A]ppellate counsel . . . need

not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. at 288; *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit."). As a result, Petitioner's appellate counsel on direct appeal did not perform deficiently by failing to raise meritless claims. Therefore, the undersigned recommends that this claim be denied.

Overall, the undersigned concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The undersigned examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court recommends that a **CERTIFICATE OF APPEALABILITY BE DENIED** as to each issue raised by Petitioner.

For the same reasons the undersigned recommends dismissal of this action, the undersigned certifies that any appeal by Petitioner would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24. Therefore, it is recommended that

any application by Petitioner for leave to proceed *in forma pauperis* on appeal be **DENIED**.

In summary, the undersigned recommends that Petitioner's habeas claims, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**.

**NOTICE TO PARTIES**: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Date:  __7/25/2016___                    ____/s/ *Timothy P. Greeley*_____
                                          HON. TIMOTHY P. GREELEY
                                          UNITED STATES MAGISTRATE JUDGE