UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

QUANTAE DERRILL BAILEY,

      Petitioner,

v.                                                                            Case No. 2:15-CV-77

JEFFREY WOODS,                                          HON. GORDON J. QUIST

      Respondent.
_____/

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION

On July 25, 2016, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition and deny Petitioner a certificate of appealability. Petitioner raised the following issues in his petition:

I.      Prosecutorial misconduct in closing argument denied Mr. Bailey his due process right to a fair trial.

II.     Defense trial counsel was constitutionally ineffective in violation of the Sixth amendment by failing to object to the instances of prosecutorial misconducts [sic] in closing arguments.

III.    The trial court's [sic] abused it's [sic] discretion when it denied Defendant['s] motion for relief from judgment, motion for bond, and motion for [an] evidentiary hearing, and declined to adjudicate the issues presented on it's [sic] merits.

IV.    Defense trial counsel was constitutionally ineffective in violation of the Sixth Amendment by failing to investigate, interview, and present exculpatory alibi witnesses, also by failing to comply with the notice of alibi defense MCL 768.20 and by failing to impeach the prosecution['s] key witnesses with their criminal offenses.

V.     Defender appellate counsel was constitutionally ineffective in violation of the Sixth Amendment by failing to raise the above issues in Defendant's initial appeal of right which is sufficient for showing good cause.

(ECF No. 1 at PageID.6-7, 9-10, 12.)

With regard to Petitioner's prosecutorial misconduct claim, although Respondent argued that such claim was procedurally defaulted, the magistrate judge considered the claim on the merits and concluded that the three instances of alleged prosecutorial misconduct did not warrant habeas relief. (ECF No. 18 at PageID.1462–65.) The magistrate judge next concluded that Petitioner's ineffective assistance of counsel claim in claim II failed because counsel could not have been ineffective for failing to object when there were no instances of prosecutorial misconduct. Thus, the magistrate judge concluded that the Michigan Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. (*Id.* at PageID.1467.) With regard to Petitioner's third claim, the magistrate judge concluded that such claim raised only state-law issues not subject to federal habeas review. (*Id.* at PageID.1468.) With regard to Petitioner's fourth claim—ineffective assistance based on trial counsel's failure to investigate, interview, and present exculpatory alibi witnesses at trial, failure to comply with the notice of alibi defense requirement under M.C.L. § 768.20, and failure to impeach the prosecution's key witnesses with their criminal histories—the magistrate judge analyzed the claim on the merits, although Respondent argued the claim was procedurally defaulted. The magistrate judge concluded that trial counsel was not ineffective for failing to investigate, interview, and present exculpatory alibi witnesses at trial because, even if counsel's performance was deficient, Petitioner failed to demonstrate prejudice. In particular, the magistrate judge noted that it was unlikely that the testimony of Petitioner's alibi witnesses would have overpowered the weight of two eyewitnesses, including the victim, who were able to identify Petitioner and describe how the crime occurred. The magistrate judge also concluded that, because counsel's failure to file a notice of alibi defense was based on trial counsel's failure to call the alibi witnesses, Petitioner could not have been ineffective as no prejudice resulted. The magistrate judge also concluded that Petitioner's claim that trial

counsel was ineffective for failing to question the eyewitnesses about their criminal histories should be denied because Petitioner did not identify the crimes of which the eyewitnesses had been convicted.  (*Id.* at PageID.1471.)  Finally, the magistrate judge concluded that Petitioner's ineffective assistance of appellate counsel claim fails because appellate counsel did raise two claims, could not have raised two other claims, and Petitioner failed to show that the remaining claim, relating to alibi witnesses, was clearly stronger than the two issues appellate counsel chose to raise on appeal.  (*Id.* at PageID.1472–73.)

Petitioner has filed Objections to the R & R.  Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a *de novo* review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

Initially, the Court notes that in his Objections, Petitioner states that he relies on his prior filings.  To the extent Petitioner fails to provide specific reasons for his Objections, such will be overruled.  The Sixth Circuit has held that objections to a report and recommendation must be specific.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002).

Petitioner's only specific objections relate to his ineffective assistance of trial counsel claim regarding counsel's failure to investigate and present alibi witnesses at trial and to file a notice of alibi defense and Petitioner's ineffective assistance of appellate counsel claim for failing to raise these arguments on appeal.

Petitioner argues that the magistrate judge erred in concluding that, assuming trial counsel's performance was deficient, Petitioner's claim fails because he cannot show that counsel's deficient performance affected the outcome of his trial.  The magistrate judge reasoned that because the prosecution presented two eye-witnesses who identified Petitioner and described how the crime occurred, it was unlikely that Petitioner's proffered alibi witnesses would have overpowered the strong weight of the eyewitness testimony.  (*Id.* at PageID.1470.)  The Court disagrees with the magistrate judge's assessment because eyewitness testimony "is often times extremely unreliable." *Moss v. Hofbauer*, 286 F.3d 851, 874 (6th Cir. 2002) (citing, among others, *Watkins v. Sowders*, 449 U.S. 341, 349–50,101 S. Ct. 654, 659 (1981) (Brennan, J., dissenting)); *see also United States v. Russell*, 532 F.2d 1063, 1066 (6th Cir. 1976) ("There is a great potential for misidentification when a witness identifies a stranger based on a single brief observation, and this risk is increased when the observation was made at a time of stress or excitement.").  Moreover, there was no evidence bolstering the eyewitness testimony, such as, for example, that either witness knew Petitioner before the alleged incident.  *Cf. Cobble v. Smith*, 154 F. App'x 447, 452 (6th Cir. 2005) (finding no prejudice under *Strickland* where the"witnesses . . . knew the petitioner beforehand and . . . positively identified the petitioner from the beginning").  Nonetheless, the Court concludes that Petitioner's ineffective assistance claim is procedurally defaulted.

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S. Ct. 2590, 2593 (1991); *Engle v. Isaac*, 456 U.S. 107, 102 S. Ct. 1558 (1982).  To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state

procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim.  *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).  In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803, 111 S. Ct. at 2954; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

In this case, Petitioner did not raise his alibi-witness ineffective assistance of counsel claims set forth in claim IV on direct appeal to the Michigan Court of appeals or in his *pro se* application to the Michigan Supreme Court.  Instead, he raised them for the first time in his motion for post-conviction relief in the trial court.  The last reasoned state-court opinion addressing these claims was the trial court's opinion denying relief pursuant to M.C.R. 6.508(D)(3), which provides that a court may not grant relief if the defendant's motion for relief from judgment alleges grounds that could have been raised on direct appeal, unless the defendant shows both good cause for the failure to raise such grounds and actual prejudice resulting from such failure.  The Sixth Circuit has held that MCR 6.508(D)(3) is an independent and adequate state-law ground for purposes of the procedural default doctrine.  *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).  The trial court said that Petitioner could have raised his claims in his *pro se* application for leave to the Supreme Court and he failed to establish good cause for not doing so.  (ECF No. 11-12 at PageID.877.)

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice.  *See House v. Bell*,

547 U.S. 518, 536, 126 S. Ct. 2064, 2076 (2006); *Murray v. Carrier*, 477 U.S. 478, 495, 105 S. Ct. 2639, 2649 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536, 126 S. Ct. at 2076. A habeas petitioner asserting a claim of actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995)).

Petitioner has not presented any new reliable evidence to support a claim of actual innocence to establish that this is an "extraordinary" case. However, Petitioner alleges ineffective assistance of appellate counsel to excuse his procedural default. In order to excuse his default, Petitioner must show that his appellate counsel's failure to raise the ineffectiveness of trial counsel rose to the level of a constitutional violation under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). Under *Strickland*, the petitioner must prove the following to establish a claim of ineffective assistance of counsel: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 688, 694, 104 S. Ct. at 2064, 2068. Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *See McFarland*, 356 F.3d at 699 *(*citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Thus, Petitioner is allowed to present his defaulted claims only if "there is a reasonable probability that the claims would have prevailed at the time appellate counsel failed to raise them." *See id.*

In determining whether counsel's performance was deficient, a court must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

> With regard to the performance prong of the inquiry, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of performance is highly deferential, and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. Therefore, this court should judge whether, in light of all the circumstances viewed at the time of counsel's conduct, counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690, 104 S. Ct. 2052.

*Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000).

Petitioner attached various documents from the trial-court record to his motion for relief from judgment. One attachment was a transcript from a January 25, 2011 motion hearing at which trial counsel said that he met with Petitioner in order to prepare a defense and "got our witnesses together and we interviewed them and prepared for trial and thought we had a defense put together." (ECF No. 11-11 at PageID.814.) Petitioner's other attachments included: (1) proposed and final witness lists that his trial counsel filed on January 10, 2011 and April 25, identifying a number of witnesses, two of whom Petitioner argues trial counsel should have called at trial; (2) a notice of alibi defense that counsel filed on February 22, 2011, identifying Talisa Hughes as an alibi witness; and (3) a writ of habeas corpus for Steven Bailey (one of Petitioner's proposed alibi witnesses who, at the time of trial, was incarcerated with the Michigan Department of Corrections) to testify at trial. (*Id.* at PageID.811, 822, 824–25.) The foregoing documents show that counsel's decision not to call alibi witnesses was a matter of trial strategy that fell within the wide range of wide range of professional assistance afforded to defense counsel. Although counsel had identified several

7

witnesses, including Daris Jefferson and Steven Bailey, to testify at trial, it is clear that he decided to focus instead on attacking the reliability of the victim's and Ms. Wilkinson's identification of Petitioner as the perpetrator.  None of the witnesses Petitioner argues counsel should have called would have been particularly credible, as they were all inside the house where Petitioner was found, two or three of them hid when the police entered the house, and they all refused to answer the door. Because such individuals' testimony could have harmed Petitioner's defense, counsel acted reasonably in deciding not to call them at trial and instead focus on raising doubts about the eye-witness identifications through cross-examination.  Therefore, an ineffective assistance of trial counsel claim based upon counsel's failure to investigate, interview, and present exculpatory alibi witnesses would have failed on *Strickland*'s performance prong.

As for Petitioner's ineffective assistance of appellate counsel claim, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288, 120 S. Ct. 746, 765 (2000).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal quotation marks omitted).  In the instant case, appellate counsel raised two claims that were not frivolous.  In contrast, this Court has already determined that the issues Petitioner claims appellate counsel should have raised lacked merit.  Thus, ineffective assistance claims that Petitioner argues appellate counsel should have raised were not clearly stronger than the issues appellate counsel raised.  Appellate counsel therefore did not perform deficiently by failing to raise meritless claims.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 25, 2016 (ECF No. 18) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 19) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated:  January 18, 2017                                  /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE